**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| Rodney Neeley, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )  No.  1:15-cv-1283 |
| Portfolio Recovery Associates, LLC, a Delaware limited liability company, | )<br>)<br>)<br>) |
| Defendant. | )  <u>Jury Demanded</u> |

**COMPLAINT – CLASS ACTION**

Plaintiff, Rodney Neeley, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages and alleges:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.  Venue is proper in this District: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

**PARTIES**

3.  Plaintiff, Rodney Neeley ("Neeley"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent debt that he allegedly owed for a Sears credit card.

4.     Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  PRA operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana.  In fact, Defendant PRA was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant PRA is authorized to conduct business in Indiana, and maintains a registered agent here, see, records from the Indiana Secretary of State, attached as Exhibit A.  In fact, PRA conducts business in Indiana.

6.     Defendant PRA is licensed as a debt collection agency in the State of Indiana, see, record from the Indiana Secretary of State, Securities Division, attached as Exhibit B.  In fact, PRA acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7.     Due to financial difficulties caused by his spouse at the time, during 2000 Plaintiff Neeley was forced to stop paying some of his debts, which included a debt he allegedly owed for a Sears credit card.  After this debt became delinquent it was allegedly transferred/sold to other debt buyers who, at some unknown point in time, sold or transferred the debt to Defendant PRA.

8.     Defendant sent Mr. Neeley collection letters, dated August 14, 2014, November 12, 2014 and February 17, 2015, demanding payment of the Sears debt via various proposed payment plans.  These letters also stated, in pertinent part:

\* \* \*

> Because of the age of your debt, we will not sue you for it and we will not report it to any credit reporting agency.

* * *

Copies of these letters are attached as Group Exhibit <u>C</u>.

9. Although the statute of limitations in the State of Indiana for filing a lawsuit to collect the delinquent debt at issue was, pursuant to Indiana Code § 34-11-2, six years from the date of the last payment, Defendant PRA's letters fails to inform the consumer that it cannot sue them to collect the debt and fails to inform them that a payment on the debt may restart the statute of limitations. Instead, the letters weakly state that PRA has chosen not to sue, which, coupled with the repeated demands for a payment plan, make it look as if the debt is still legally enforceable.

10. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False, Deceptive Or Misleading Collection Actions**

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692e of the FDCPA prohibits debt collectors from taking actions that cannot legally be taken in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, <u>see</u>, 15 U.S.C. § 1692e(2)(A), and/or taking or threatening to take actions that cannot legally be taken in connection with the collection of a debt, <u>see</u> 15 U.S.C. § 1692e(5).

3

14. Attempts by debt collectors to collect time-barred debts violate § 1692e of the FDCPA.  See, Phillips v. Asset Acceptance, 736 F.3d. 1076, 1079 (7th Cir. 2013) (filing time-barred lawsuit); McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014)(sending collection letters on time-barred debts); Crawford v. LVNV Funding, 758 F.3d 1254 (11th Cir. 2014)(filing proofs of claim on time-barred debts);  and, Pantoja v. Portfolio Recovery Associates, 2015 U.S.Dist. LEXIS 26908 (N.D. Ill, 2015)(sending collection letters on time-barred debts with the same language at issue here).

15. By sending the collection letters at issue for a debt that was time-barred under Indiana Law, Defendant PRA violated § 1692e of the FDCPA.

16. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

17. Plaintiff adopts and realleges ¶¶ 1-11.

18. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

19. Defendant, by attempting to collect a time-barred debt, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

20. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

21.  Plaintiff Neeley brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a delinquent time-barred Sears debt, by sending collection letters similar to the letters Defendant sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendant's collection practice, of sending collection letters in an attempt to collect debts that were beyond the statute of limitations, violates the FDCPA, and asks that this Court award damages as authorized by § 1692k(a)(1) and (2) of the FDCPA.

22.  Defendant PRA regularly engages in debt collection on debts which are beyond the statute of limitations by sending consumer letters similar to those at issue here.

23.  The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts by sending collection letters on time-barred debts.

24.  Plaintiff Neeley's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

25.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual

members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

26. Plaintiff Neeley will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Neeley has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Rodney Neeley, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Neeley as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendant's collection practices violate the FDCPA;

4. Enter judgment in favor of Plaintiff Neeley and the Class, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Rodney Neeley, individually and on behalf of all others similarly situated, demands trial by jury.

                                Rodney Neeley, individually and on behalf of all others similarly situated,

                                By: /s/ David J. Philipps
                                One of Plaintiff's Attorneys

Dated: August 13, 2015

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5218 S. East Street
Suite E1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com