**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| Rodney Neeley, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Portfolio Recovery Associates, LLC, a Delaware limited liability company, )<br>)<br>Defendant. ) | No.   1:15-cv-1283-RLY-MJD |

**PLAINTIFF'S FIFTH MOTION
FOR LEAVE TO CITE ADDITIONAL AUTHORITY**

Plaintiff, Rodney Neeley ("Neeley"), individually and on behalf of all others similarly situated, hereby requests leave to cite additional authority in support of his Third Amended Motion for Class Certification. (Dkt. 53, 54, 61). In support of this motion, Plaintiff states:

1. In opposing class certification, Defendant Portfolio Recovery Associates' ("PRA") only argument against certification of the main class was that Plaintiff had failed to prove "commonality", arguing, essentially, that Plaintiff had to show that he suffered "actual damages" in order to allege that he, and the class, suffered a "concrete and particularized" injury in fact. (Dkt. 57 at pp. 4-6). Defendant's argument concerning commonality was based on a mis-reading of the U.S. Supreme Court's recent remand order in Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 194 L. Ed. 2d 635, 646 (2016). (Dkt. 57 at pp. 4-6). As has been set forth in detail in Plaintiff's Reply and first three motions to cite supplemental authority, Spokeo changed none of the existing case law on whether

1

k

a plaintiff has suffered a concrete injury under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). (Dkt. 61 at pp. 5-8; Dkt. 62, 69, 71).

2. In addition to the recent Seventh Circuit decision in Diedrich v. Ocwen Loan Servicing, 2016 U.S. App. LEXIS 18196 (7th Cir. 2016), see, Dkt. 74, and the decisions of multiple courts already cited by Plaintiff, see, Dkt. 62, 69, and 71, concerning the effect of Spokeo on claims made pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") -- all of which support Mr. Dunham's argument that he has Article III standing to bring his FDCPA -- several other district courts, including courts in this Circuit, have recently found FDCPA plaintiffs to have standing based upon debt collector's failure to comply with provisions of the FDCPA.

3. Thus, Plaintiff would like to draw the Court's attention to the following recent decisions: Lane v. Bayview Loan Servicing, 2016 U.S. Dist. LEXIS 89258 at [*7]-[*16](N.D. Ill. 2016)(Exhibit A); Mogg v. Jacobs, 2016 U.S. Dist. LEXIS 110057 at [*9]-[*11](S.D. Ill. 2016) (Exhibit B); Hayes v. Convergent Healthcare Recoveries, 2016 U.S.Dist. LEXIS 139743 at [*8]-[*14](C.D.Ill. 2016)(Exhibit C); Saenz v. Buckeye Check Cashing, 2016 U.S. Dist. 127784 at (N.D.Ill. 2016)(Exhibit D); Munoz v. California Business Bureau, 2016 U.S.Dist. LEXIS 151495 at [*11]-[*14](E.D.Cal. 2016) (Exhibit E); and Macy v. GC Services Limited Partnership, 2016 U.S.Dist. LEXIS 134421 at [*3]-[*10] (W.D.Ky. 2016) (Exhibit F); see also, "Standing in the Shadow of Spokeo: Article III and Statutory Rights in the Seventh Circuit", by Jeff Bowen, in *The Circuit Rider* (Seventh Circuit Bar Association Journal, Vol. 21, Fall, 2016) at pp. 34-39 (Exhibit G).

WHEREFORE, Plaintiff Neeley requests leave to cite the additional authority of Lane, Mogg, Hayes, Saenz, Munoz and Macy, , in support of his Third Amended Motion

for Class Certification (Dkt. 53, 54, 61).

        Respectfully submitted,

        Rodney Neeley, individually and on behalf of all others similarly situated,

        By: /s/David J. Philipps
        One of Plaintiff's Attorneys

Dated: November 9, 2016

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D-1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 9, 2016 a copy of the foregoing **Plaintiff's Fifth Motion for Leave to Cite Additional Authority** was filed electronically. Notice of this filing was sent to the following parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

| | |
|---|---|
| David M. Schultz | dschultz@hinshawlaw.com |
| Jennifer W. Weller | jweller@hinshawlaw.com |
| 222 N. LaSalle Street | |
| Suite 300 | |
| Chicago, Illinois 60601 | |
| | |
| John T. Steinkamp | steinkamplaw@yahoo.com |
| 5214 S. East Street | |
| Suite D-1 | |
| Indianapolis, Indiana 46227 | |

/s/ David J. Philipps
David J. Philipps
Philipps & Philipps, Ltd.
9760 South Robert Road
Suite One
Palos Hills, Illinois 60465
davephilipps@aol.com