**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Rodney Neeley, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.    1:15-cv-1283-RLY-MJD |
| Portfolio Recovery Associates, LLC, a Delaware limited liability company, | ) ) ) | |
| Defendant. | ) ) | |

## PLAINTIFF'S FOURTH AMENDED MOTION FOR CLASS CERTIFICATION

Plaintiff, Rodney Neeley ("Neeley"), individually and on behalf of all others similarly situated, hereby moves this Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to certify a class in this matter.  In support of this motion, Plaintiff states:

1.       Plaintiff's Complaint, filed on August 13, 2015, sets forth that the form debt collection letters that Defendants, Portfolio Recovery Associates, LLC ("PRA"), sent to Plaintiff Neeley, violated the Fair Debt Collection Practices Acts, 15 U.S.C. § 1692 et seq. ("FDCPA") because the letters used false, deceptive or misleading statements, as well as unfair and unconscionable means, in connection with the collection of a time-barred debt, in violation of § 1692e and § 1692f of the FDCPA. (Dkt. 1 at ¶¶ 7-9, 12-20; Dkt. 1-3).

2.        Specifically, § 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading statements in connection with the collection of any debt, see, 15 U.S.C. § 1692e, including falsely representing the character, amount or

legal status of any debt, <u>see</u>, 15 U.S.C. § 1692e(2)(A), as well as threatening any action that cannot legally be taken, <u>see</u>, 15 U.S.C. § 1692e(5), while § 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, <u>see</u>, 15 U.S.C. § 1692f.

3.    Attempts by debt collectors to collect time-barred debts have been widely held to violate the FDCPA, <u>see</u>, <u>Phillips v. Asset Acceptance</u>, 736 F.3d. 1076, 1079 (7th Cir. 2013) (filing time-barred lawsuit); <u>McMahon v. LVNV Funding</u>, 744 F.3d 1010 (7th Cir. 2014)(sending collection letters on time-barred debts); <u>Crawford v. LVNV Funding</u>, 758 F.3d 1254 (11th Cir. 2014)(filing proofs of claim on time-barred debts); <u>Green v. Monarch Recovery Management</u>, 2015 U.S.Dist. LEXIS 98765 at [*19]-[*25] (S.D.Ind. 2015)(Barker, J.)(letter offering a settlement on a time-barred was plainly misleading); and <u>Pantoja v. Portfolio Recovery Associates</u>, 78 F.Supp. 3d 743, 746-747 (N.D. Ill, 2015)(sending collection letters on time-barred debts with the same language at issue here).   By sending collection letters, for a debt that was plainly time-barred under Indiana law, and failing to inform the consumer that it cannot sue them to collect the debt and that a payment on the debt may restart the statute of limitations, Defendant used false, deceptive, or misleading, and unfair or unconscionable means, to collect a debt, in violation of § 1692e and § 1692f of the FDCPA.  (Dkt. 1 at ¶¶ 7-9, 12-20).

4.    Class certification is appropriate when all of the elements of Rule 23(a) and one of the elements of Rule 23(b) have been satisfied.  <u>See</u>, <u>Amchem Products v. Windsor</u>, 521 U.S. 591, 613-614, 117 S.Ct. 2231, 138 L.Ed.2df 689 (1997); <u>Keele v. Wexler</u>, 149 F.3d 589, 594 (7th Cir. 1998).  Rule 23(a) provides that a class action may

be maintained when (1) the class is so numerous that joinder is impracticable, (2) questions of law or fact are common to the class, (3) claims or defenses of the representative party are typical of the claims and defenses of the class, and (4) the representative party will fairly and adequately protect the class' interests.

5.      As set forth in detail in the accompanying Memorandum in Support of Class Certification, this action satisfies the requirements of Rule 23(a) and (b)(3). Plaintiff hereby moves for class certification, and requests that this Court allow him to represent a class of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a debt owed originally to Sears National Bank, by sending a form collection letter similar to the letters Defendant sent to Plaintiff (Dkt. 1-3), and as to which, according to Defendant's records, the letter was sent more than six years after the date of last payment, the date of charge off and the date of delinquency, from one year before the date of the Complaint to the present.

6      Plaintiff also seeks to represent a subclass of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a debt owed originally to Sears National Bank, by sending a form collection letter similar to the letters Defendant sent to Plaintiff (Dkt. 1-3), and as to which, according to Defendant's records, the letter was sent more than six years after the date of charge off and the date of delinquency, in response to which the individual made a payment, from one year before the date of the Complaint to the present.

7.      A Memorandum in Support of this Motion is filed contemporaneously herewith.

8.      On August 13, 2015, Plaintiff filed his initial motion for class certification

(Dkt. 2); an amended motion for class certification was filed on December 21, 2015

(Dkt. 29), a Second Amended Motion to Certify the Class was filed on January

15, 2016 (Dkt. 39), and a Third Amended Motion to Cerify the Class was filed on May

27, 2016 (Dkt. 53, 54).  All of these motions can be denied as moot, as well as multiple

motions for leave to cite additional authority related thereto, <u>see</u>, Dkt. 62, 63, 69. 70.

7174, 76, 77, 78 .

WHEREFORE, Plaintiff, Rodney Neeley, individually and on behalf of all

others similarly situated, respectfully requests that this Court certify, pursuant to Rule

23(b)(3), a class in this matter.

Rodney Neeley, individually and on
behalf of all others similarly situated,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: February 2, 2017

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2017 a copy of the foregoing **Plaintiff's Fourth Amended Motion For Class Certification** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


David M. Schultz                           dschultz@hinshawlaw.com
Jennifer W. Weller                         jweller@hinshawlaw.com
222 N. LaSalle Street
Suite 300
Chicago, Illinois  60601


John T. Steinkamp                          steinkamplaw@yahoo.com
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227


/s/ David J. Philipps_____
David J. Philipps
Philipps & Philipps, Ltd.
9760 South Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com